**MELROSE ENTERPRISES, INC., et al.**

v.

**PAWTUCKET FORM CONSTRUCTION CO., et al.**

No. 88–239–A.

Supreme Court of Rhode Island.

Nov. 22, 1988.

Joseph R. Palumbo, Jr., Providence for plaintiff.

Albert B. West, Providence, Louis B. Abilheira, Warren, for defendant.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument October 3, 1988, pursuant to an order that had directed both parties to appear before the court to show cause why the issues raised by this appeal should not be summarily decided.

The Superior Court granted partial summary judgment for specific performance of a real estate option agreement that had been entered into by Melrose Enterprises, Inc., and later assigned to plaintiff, Urs Gauchat, or his nominee. The nominee which sought to exercise the option was a corporation styled as Salisbury Properties, Inc.

After hearing the arguments of counsel and examining the memoranda filed by the parties, together with exhibits thereto including affidavits filed in support of and in opposition to the motion for summary judgment, we are of the opinion that the trial justice was correct in granting partial summary judgment for specific performance. Although this court has not directly decided whether an option is generally assignable, the general rule supported by the weight of authority is that in the absence of an express provision to the contrary, the holder of an option may assign his right to a third person. The third person may then exercise the option in the absence of circumstances that would indicate that the option was intended to be exercised only by the original holder. *See* 1 A *Corbin on Contracts* § 271 (1963); 4 *Corbin on Contracts* § 878 (1951); Restatement (Second) *Contracts 2d* § 320 (1981); 1 Restatement *Contracts* § 155 (1932); 3 *Williston on Contracts* § 415 (3d. ed. Jaeger 1960).

The option agreement in the case at bar had no provision which prohibited an assignment. Moreover, the nature of the circumstances would not give rise to any inference that this option for the sale of real estate located on East Main Road in the town of Portsmouth was dependent upon any trust, confidence, or qualification reposed solely in the original holder of the option. It should also be noted that when

defendants asserted an objection to the assignee, Salisbury Properties, Inc., the original holder, Melrose Enterprises, Inc., offered to close on the option prior to its expiration. Consequently defendants had no justification for refusing to convey upon payment of the balance of the purchase price, namely, $350,000 less $35,000 that had already been paid for the option and one extension thereof.

An examination of the record further discloses that there were no genuine issues of disputed material facts concerning the validity of the option, the assignability of the option, and/or the exercise of the option by the original party to whom it had been granted.

As a result the appeal of the defendants is denied and dismissed.

The partial summary judgment entered by the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court for further proceedings.